UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ACCEL SCHOOLS SR LLC,

      Plaintiff,

vs.

TRAVONNA HUNTER,

      Defendant.

Case No. 3:25-cv-303

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER:  (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. No. 13); (2) AWARDING PLAINTIFF DEFAULT JUDGMENT AGAINST DEFENDANT IN THE AMOUNT OF $81,137.35; (3) AWARDING POST-JUDGMENT INTEREST FROM THE DATE OF THIS ORDER AT THE APPLICABLE FEDERAL STATUTORY RATE DISCUSSED IN THIS OPINION; AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

This civil case was filed on September 15, 2025.  Plaintiff is a business that provides staffing management to charter schools, such as the Springfield Sports Academy ("SSA") in Springfield, Ohio.  Doc. No. 1 at PageID 2.  Defendant was the principal of SSA from June 2023 through June 2025.  *Id.*  The parties executed an agreement pertaining to Defendant's employment on April 28, 2024, which included a twelve-month restriction on Defendant soliciting employees or students from SSA, as well as a restriction on working for any school within ten miles of the location at which she worked.  *Id.* at PageID 2-3.  Plaintiff brought suit against Defendant for breach of contract, tortious interference and breach of fiduciary duty, alleging that she launched a competing school within the ten-mile radius of SSA and solicited eleven students and two employees to join her school from SSA.  *Id.* at PageID 3-4.  Plaintiff also claims Defendant improperly used a credit card in Plaintiff's name for personal expenses, amounting to conversion. *Id.* at PageID 4-8.

The docket reflects that *pro se* Defendant Travonna Hunter was served on September 23, 2025, establishing an answer date of October 14, 2025.[1] Doc. No. 5. Because Defendant did not answer upon that date, Plaintiff filed an application to the Clerk for an entry of default against Defendant on October 23, 2025 (Doc. No. 9), and the Clerk of Court put on an entry of default on October 28, 2025 (Doc. No. 10). Then, on December 19, 2025, Defendant filed a *pro se* letter in response to Plaintiff. Doc. No. 12. Plaintiff filed a motion for default judgment on December 22, 2025. Doc. No. 13. Thereafter, the Court, in an Order issued on January 15, 2026, liberally construed Defendant's letter in her favor and advised her she could file a motion to set aside the Clerk's entry of default—and gave Defendant a deadline of February 6, 2026 in which to do so. Doc. No. 14. Defendant has not filed such a motion, and the time for doing so has now passed.

## I.

"When a party fails to defend an action as required, the court may enter a default judgment." *Woods v. Najar*, No. 18-1328, 2018 WL 9651541, at *2 (6th Cir. Oct. 17, 2018); *see H .F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) ("Default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party"); *see also Parallax Advanced Rsch. Corp. v. SPG Inst., Inc.*, No. 3:21-cv-133, 2021 WL 3634739, at *3 (S.D. Ohio Aug. 17, 2021) ("[C]ourts are … more likely to grant a default judgment in cases where a defendant has been entirely unresponsive"). Further, "a district court may *sua sponte* enter default judgment" against a defendant when that defendant failed to comply with court orders. *Turner v. Whitehorn*, No. 98-6635, 1999 WL 1336074, at *2 (6th Cir. Dec. 21, 1999); *see* Fed. R. Civ. P. 16(f)(1)(C) (The Court may *sua sponte* "issue any just orders…, if a party or its attorney . . . fails to obey a scheduling or

---

[1] As with all *pro se* litigants, Defendant's documents and allegations are liberally construed in her favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).

other pretrial order"). "The decision to enter a default judgment lies in the district court's sound discretion." *New York Life Ins. Co. v. Baker*, No. 2:20-CV-2577, 2021 WL 640412, at *2 (S.D. Ohio Jan. 4, 2021) (citation omitted).

Defendant failed to comply with the Court's January 15th Order. In that Order, the Court set a briefing schedule, giving Defendant an opportunity to file a motion to set aside the Clerk's entry of default. Doc. No. 14 at PageID 167. The Court also made it clear to Defendant that not responding could result in a default judgment against her. Doc. No. 14 at PageID 168. Having filed no such motion, her failure to comply with the Court's Order prevents the lawsuit from moving toward resolution on the merits. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013); *Turner*, 1999 WL 1336074, at *2; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (affirming case dismissal where *pro se* plaintiff failed to comply with "readily comprehended court deadlines of which he was well-aware"); *Steck Mfg. Co. v. Hildebrand*, No. C-3-98196, 1999 WL 34843602, at *1 (S.D. Ohio Sept. 30, 1999) ("Therefore, default judgment is warranted, as this is an instance in which 'the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights'" (citing *H .F. Livermore Corp.*, 432 F.2d at 691)). In light of this, and having reviewed the record in its entirety, the Court hereby **GRANTS** Plaintiff's motion for a default judgment. Doc. No. 13.

## II.

"[W]hile liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D.

Ohio Feb. 10, 2015)).  A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

Review of Plaintiff's complaint and additional briefing reveals the following.

To support its damages award request, Plaintiff submitted two sworn affidavits: (1) from its Executive Vice President and Superintendent, Dr. Chad Carr, stating that Defendant owes $49,710.65, including $1,721.09 for unauthorized credit card changes; $10,000 to recruit and fill two former-employee positions as a result of Defendant's solicitations; and $37,989.56 in lost profits; and (2) from Plaintiff's trial counsel, Shannon K. Patton, testifying that Defendant owes $30,926.70 for attorneys' fees in this matter.  Doc. No. 13-1 at PageID 148-51; Doc. No. 13-2 at PageID 152-53.  Plaintiff also submitted a profile reflecting the rates for similarly experienced attorneys in Ohio as of 2024 according to the Ohio Bar Association.  Doc. No. 13-2 at PageID 154-66.  These damages total $80,637.35.  Plaintiff also requests $1,721.09 in punitive damages as to the unauthorized credit card charges, which is the same amount as Defendant charged to the card, bringing the total requested damages to $82,358.44.  Doc. No. 13 at PageID 141.

By way of these affidavits, the attached exhibit, and the unambiguous language of the contracts, Plaintiff has sufficiently proven its requested damages in the amount of $80,637.35 "with reasonable certainty." *DT Fashion LLC*, 2018 WL 542268, at *2.  Further, the Court finds a punitive damages award, as to the unauthorized credit card charges, is sufficiently proven. *See Digital & Analog Design Corp. v. N. Supply Co.*, 44 Ohio St. 3d 36, 43–44 (1989) (explaining punitive damages, including that malice is required to seek punitive damages; malice may be inferred by showing a conscious disregard for the rights of others which has a great probability of causing substantial harm).  Defendant used Plaintiff's credit card multiple times for purchases such

as alcohol and clothing, consciously disregarding Plaintiff's rights through her pattern of conduct and resulting in substantial harm to Plaintiff due to the amounts charged.  *See* Doc. No. 13-1 at PageID 149.  The Court infers malice based on these circumstances.  *See Digital & Analog Design Corp.*, 44 Ohio St. 3d at 43.  Additionally, there is sufficient evidence that Defendant planned her actions in advance; that it was probable the actions would do harm to Plaintiff; that Plaintiff's rights were obvious to Defendant; that Defendant disregarded Plaintiff's rights; and that there was a conversion of property.  *See id.* at 44; Doc. No. 13-1 at PageID 149-50.  Given the unauthorized credit card bill totals $1,721.09, the Court finds a punitive damages award of $500.00 is more reasonable and appropriate than the $1,721.09 requested here.  *See*, *e.g.*, *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (discussing how few instances of punitive damages awards exceeding a single-digit ratio of punitive to compensatory damages will satisfy due process); *see also*, *Isenberg v. Chase Bank USA, N.A.*, 661 F.Supp.2d 627, 631 (N.D. Tex. 2009) (in which a Northern District of Texas court found that unauthorized credit card conduct constituted "fraudulent and malicious conduct" and awarded $116,990.91 in punitive damages on actual damages of $409,468.19 (approximately a 0.29:1.00 ratio)).  In granting a punitive damages award of $500.00, the punitive damages to actual damages ratio is also approximately 0.29:1.00, which the Court finds appropriate in light of the fraudulent, unauthorized credit card charges here.  *See Isenberg*, 661 F.Supp.2d at 631.

**III.**

Plaintiff also requests Defendant be enjoined from unlawfully soliciting its employees and students.  Doc. No. 13 at PageID 143.  "A plaintiff seeking a permanent injunction must demonstrate that it has suffered irreparable injury, there is no adequate remedy at law, 'that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

warranted,' and that it is in the public's interest to issue the injunction." *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

Plaintiff does not demonstrate that there is no adequate remedy at law for possible future instances of Defendant soliciting Plaintiff's employees and students.  If Defendant solicits further employees and students in violation of the parties' contract, Plaintiff can seek judicial intervention as in this case.  As such, the Court **DENIES** Plaintiff's request for an injunction against Defendant.

**IV.**

Plaintiff additionally requests an award of post-judgment interest pursuant to 28 U.S.C. § 1961.  Doc. No. 13 at PageID 147.  Under 28 U.S.C. § 1961(a), post-judgment interest is required "to be paid on money awarded by district courts in civil actions." *CAPSA Sols., LLC v. Concord Healthcare Grp., LLC*, No. 2:18-cv-594, 2019 WL 4894038, at *3-4 (S.D. Ohio Oct. 4, 2019) (citations omitted). "The district court has no discretion to deny post-judgment interest, as it is mandatory." *Id.* (citing *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002)). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

The Sixth Circuit has interpreted "judgment" to mean "any judgment that is not entirely set aside." *Skalka v. Fernald Env't Restoration Mgmt. Corp.*, 178 F.3d 414, 429 (6th Cir. 1999). The general rule for determining which "judgment" starts the accrual of post-judgment interest is that "post[-]judgment interest should begin to run once damages have been 'ascertained' in [a]

meaningful way." *Caffey*, 302 F.3d at 588 (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990)).

Accordingly, Plaintiff is entitled to post-judgment interest at the applicable statutory rate (3.80%) from the date of this Order until the entire judgment is satisfied.  *See Powell v. Divine Status, LLC*, No. 2:23-CV-501, 2025 WL 415495, at *2 (S.D. Ohio Jan. 7, 2025) (finding that post-judgment interest began to accrue from the date the court awarded damages and not the default judgment date).

## V.

Plaintiff's motion for a default judgment is therefore **GRANTED IN PART AND DENIED IN PART**.  The Court **AWARDS** Plaintiff a final judgment against Defendant in the amount of $81,137.35.  The Court also **AWARDS** post-judgment interest pursuant to 28 U.S.C. § 1961.  Further, the Court **DENIES** Plaintiff's request for a permanent injunction.  Finally, the Court **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

June 9, 2026                                        s/*Michael J. Newman*
                                                   Hon. Michael J. Newman
                                                   United States District Judge